## EDDIE v EDDIE

Docket No. 134980. Submitted July 7, 1993, at Detroit. Decided September 20, 1993, at 9:10 A.M.

Janet L. Eddie obtained a divorce from Scott L. Eddie in the Ingham Circuit Court, Carolyn Stell, J. The parties were awarded joint legal custody of their two minor children, with physical custody being awarded to the defendant. The plaintiff was awarded visitation of more than 128 days a year and was ordered to pay child support. The court apparently used the friend of the court's child support formula that applies when a party is given sole custody. The plaintiff appealed, challenging the amount of child support ordered.

The Court of Appeals *held:*

1. The trial court was obligated, pursuant to MCL 552.16(2); MSA 25.96(2), to base its support award on the child support formulas adopted by the friend of the court bureau or, if the court determined that deviation was warranted, to specify in writing or on the record the manner of deviation and the reasons for doing so. The statute became effective on December 26, 1989, and therefore was applicable in this case, decided August 17, 1990. The Court of Appeals incorrectly indicated in *Booth v Booth,* 194 Mich App 284 (1992), that the statute was not effective until October 10, 1990.

2. Because the custody order provides for visitation by the plaintiff in excess of the 128 days required for application of the friend of the court's shared economic responsibility formula for child support, and because the statute required the court to use that formula, the court erred in using the sole custody formula without having specified in writing or on the record the reasons for deviation. The matter must be remanded to the trial court for an adjustment of the support order in accordance

REFERENCES

Am Jur 2d, Divorce and Separation §§ 576-583; Parent and Child § 45.

Excessiveness or adequacy of money awarded as child support. 27 ALR4th 864.

Excessiveness or adequacy of amount of money awarded for alimony and child support combined. 27 ALR4th 1038.

with the shared economic responsibility formula or for a statement, in accordance with the statute, of why it chooses not to do so.

3. The trial court's retroactive modification of an ex parte interim support order was proper.

Affirmed in part and remanded.

DIVORCE — CHILD SUPPORT — FRIEND OF THE COURT SUPPORT FORMULA.

Since December 26, 1989, trial courts in divorce actions have been obligated to base child support awards on the applicable child support formula adopted by the friend of the court bureau or, if they determine that deviation is warranted, to specify in writing or on the record the manner of deviation and the reasons for doing so (1989 PA 274, MCL 552.16[2]; MSA 25.96[2]).

*William H. Noud, Jr.*, for the plaintiff.

*Norman M. Gaffney, Jr., P.C.* (by *Norman M. Gaffney, Jr.*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and GRIBBS, JJ.

DOCTOROFF, C.J. Plaintiff appeals from a judgment of divorce entered in the Ingham Circuit Court on October 30, 1990, challenging the amount of child support ordered in the judgment. We remand to the trial court for an explanation of the court's reasons for deviating from the applicable child support formula or an admustment of the order in accordance with this opinion.

The parties were married on August 6, 1983, and two children were born of the marriage, Brandon (born September 11, 1984) and Amanda (born February 21, 1986). The parties were awarded joint legal custody of the two children, with physical custody being awarded to defendant. Plaintiff does not challenge the award of custody. She was given substantial visitation rights, including the

following: alternate weekends from Friday at 6:00 P.M. to Sunday at 6:00 P.M., one overnight visitation a week, alternate holidays, one week of spring vacation on alternate years, and six weeks of full custody in the summer, during which defendant would have alternate-weekend visitation similar to that given plaintiff throughout the year.

As part of the judgment of divorce, the court ordered that plaintiff pay defendant $27.50 a child or $55 a week in total child support. This amount was based upon the trial court's calculation of the support guidelines using numbers stipulated by the parties. From all appearances, the court used the child support formula that applies when a party is given sole custody. On appeal, plaintiff claims that the court erred in applying this formula and, instead, should have used the formula that applies where joint legal custody is awarded and the noncustodial parent is given substantial visitation rights. Plaintiff further claims that because the court deviated from the applicable support formula, it was obligated to state its reasons for doing so on the record. In response, defendant asserts that the trial court did explain its reasons for utilization of the sole custody formula, albeit in the judge's chambers. Plaintiff disputes defendant's recollection of the in-chambers conferences.

Pursuant to MCL 552.16(2); MSA 25.96(2), a court must calculate support by application of the child support manual developed by the state friend of the court bureau. *Booth v Booth,* 194 Mich App 284, 292; 486 NW2d 116 (1992). *Booth* indicates that the statute was amended effective October 10, 1990, in which case the amendment would not apply to this situation because the court's decision was made on August 17, 1990, almost two months before the purported effective date of the amend-

ment. *Id.* However, *Booth* incorrectly identified the date that the amendment became effective.

In 1989, Public Act No. 274 was passed amending §§ 15 and 16 of Chapter 84 of the Revised Statutes of 1846 containing the provisions regarding care, custody, and support of minor children in a divorce proceeding. See 1989 PA 274, being MCL 552.15; MSA 25.95, MCL 552.16; MSA 25.96. Section 16(2) of the statute contained the following provisions:

> The court shall order support in an amount determined by application of the child support formula developed by the state friend of the court bureau, except that the court may enter an order that deviates from the formula under either of the following circumstances:
>
> (a) If the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:
>
> (i) The support amount determined by application of the child support formula.
>
> (ii) How the support order deviates from the child support formula.
>
> (iii) The value of property or other support awarded in lieu of the payment of child support, if applicable.
>
> (iv) The court's reasons for its determination.
>
> (b) If the parties agree to a different amount, provided that the party receiving child support is not a recipient of public assistance.

This amendatory act was filed with the Secretary of State on December 26, 1989, and was ordered to take immediate effect, conditioned on a number of other pending bills. See § 2 of 1989 PA 274. All of the bills upon which the act was conditioned took effect on December 26, 1989, thereby making the above-referenced amendment effective on Decem-

ber 26, 1989, nearly one year before the date that *Booth* suggested the amendment had taken effect. See compiler's note to 1989 PA 274.

Insofar as MCL 552.16(2); MSA 25.96(2) is concerned, the amendment referred to in *Booth* as taking effect on October 10, 1990, merely renumbered the section and added § 16a. See 1990 PA 243 (filed with the Secretary of State on October 10, 1990). Thus, contrary to what *Booth* suggests, the trial courts' obligation to order support in an amount determined with reference to the child support guidelines became effective on December 26, 1989, and not October 10, 1990. Accordingly, because the court in this case made its decision on August 17, 1990 (nearly eight months after the effective date of 1989 PA 274), the court was obligated to base its support award on the child support formulas adopted by the friend of the court.

In addition to requiring the court to follow the applicable friend of the court formula, MCL 552.16(2); MSA 25.96(2) provides that the court may deviate from the formula if it determines from the facts that its application would be unjust or inappropriate. The statute provides that, in the event a court determines that deviation is warranted, it must specify in writing or on the record the manner of deviation and the reasons for doing so. MCL 552.16(2)(a) and (b); MSA 25.96(2)(a) and (b). See also *Proudfit v O'Neal,* 193 Mich App 608, 611; 484 NW2d 746 (1992).

The Michigan Child Support Guideline Manual contains various tables and support formulas to be applied, depending upon the circumstances of the parties and the provisions of the custody order. See Manual (1989 rev) and Supp. The manual contains a formula (commonly called the "shared economic responsibility" formula) to be applied

where the parties have joint custody and the non-custodial parent will have visitation of the child for "substantial amounts of time." Manual (1990 rev, effective January 1990) at 19. "Substantial amounts of time" is specifically defined in the manual as "a minimum of 128 overnights annually." Manual (1990 rev) at 19. In this case, there is no dispute that the order provides for plaintiff to have visitation of the children in excess of 128 days. Although defendant claims that plaintiff will not exercise her rights of visitation for all of those days, there is no authority to suggest that she must do so before the shared economic responsibility formula is applicable.[1]

Because the custody order in this case provides for visitation by plaintiff in excess of the 128 days required for application of the shared economic responsibility formula, and because the court was obligated by MCL 552.16(2); MSA 25.96(2) to use that formula, the court erred in using the sole custody formula in its stead, without having articulated in writing or on the record the reasons for deviation. Accordingly, on remand the trial court shall adjust the support order on the basis of the shared economic responsibility formula, or state why it chooses not to do so in accordance with MCL 552.16(2)(a)-(d); MSA 25.96(2)(a)-(d).

Plaintiff's argument regarding the propriety of the trial court's retroactive modification of the ex parte interim support order has been expressly rejected by this Court in *Thompson v Merritt*, 192 Mich App 412, 421; 481 NW2d 735 (1991). See also *Proudfit, supra* at 611.

---

[1] Clearly, at the time the original custody order is entered, there is no way to tell whether the noncustodial parent will exercise all visitation rights. Rather, the support must be based upon the number of days that the noncustodial parent is entitled to visitation under the order, not the actual visitation that will be exercised in the future.

Affirmed in part and remanded to the trial court for application of the shared economic responsibility formula or articulation in accordance with MCL 552.16(2)(a)-(d); MSA 25.96(2)(a)-(d).