STATE TREASURER v CUELLAR

Docket No. 121226. Submitted April 2, 1991, at Lansing. Decided July 23, 1991, at 9:35 A.M. Leave to appeal sought.

The State Treasurer brought an action in the Saginaw Circuit Court against Samuel Cuellar, seeking to recover, under the State Correctional Facility Reimbursement Act, MCL 800.401 *et seq.*; MSA 28.1701 *et seq.*, the costs of the defendant's care while incarcerated in a state correctional facility. The court, Leopold P. Borrello, J., granted summary disposition for the plaintiff. The defendant appealed, claiming that his due process rights were violated by the failure of the plaintiff to serve him with a copy of the motion for summary disposition and that the action was barred because he did not have sufficient assets from which recovery of the cost of his care could be made.

The Court of Appeals *held:*

1. The defendant's due process rights were not violated. Under the circumstances of this case, he had notice of the plaintiff's motion and sufficient time to prepare for and answer it.

2. MCL 800.403(2); MSA 28.1703(2) provides that the Attorney General is to secure reimbursement of the state's expense for a prisoner's care where the prisoner has sufficient assets from which recovery can be made either of ten percent of the estimated cost of care or ten percent of the estimated cost of care for two years, whichever is less. Thus, the Attorney General must seek reimbursement where the prisoner's assets will permit recovery of ten percent of the cost of care. However, where, as in this case, recovery would be less than ten percent, the Attorney General has discretion to seek reimbursement.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *E. David Brockman* and *Gary Kress,* Assistant Attorneys General, for the plaintiff.

Samuel Cuellar, in propria persona.

Before: WAHLS, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendant appeals from a circuit court order granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

The Attorney General filed suit under the State Correctional Facility Reimbursement Act, MCL 800.401 et seq.; MSA 28.1701 et seq., to recover the costs to the state for the defendant's care while housed in a state correctional facility. Defendant filed an answer and affirmative defenses, asserting that because the state could not recover ten percent or more of the estimated cost of care or ten percent of the estimated costs of care for two years, as mandated by § 3 of the act, suit was barred.

On March 27, 1989, plaintiff filed a motion for summary disposition arguing that reimbursement was proper as a matter of law because § 3 applies only to procedure, explains the Attorney General's responsibilities, and provides for mandatory suit if the prisoner's assets are sufficient. The section has no bearing on discretionary suits brought by the Attorney General.

Notice of the motion was mailed to the defendant on March 29, 1989. The motion was argued on April 4, 1989, and decided in the plaintiff's favor on September 12, 1989.

In this appeal, defendant relies on *Lawrence v Dep't of Corrections*, 81 Mich App 234; 265 NW2d 104 (1978), to argue that his due process rights were violated when the trial court failed to order plaintiff to serve defendant with a copy of the motion for summary disposition. As a result, defendant argues, he was never given a reasonable

opportunity to prepare for and answer the motion. We disagree.

Defendant was on notice that on April 10 he would have to show cause why his assets should not be used to reimburse the state for the costs of his incarceration. The summary disposition motion, argued on April 10, was based on the affirmative defenses that defendant raised in his answer. And the trial court did not render a decision on the motion until the following September. On the basis of these facts, we find that defendant had sufficient time in which to prepare for and answer plaintiff's motion.

Defendant also claims that § 3 requires a minimum amount of assets, and before the Attorney General may bring suit, defendant would have to have assets equal to ten percent of the costs of his care. Because defendant's assets did not satisfy the statutory minimum, defendant contends that a lawsuit for reimbursement was barred. Again we disagree.

It is a well-established, cardinal rule of statutory construction that provisions of a statute must be construed in light of the other provisions of the statute so as to carry out the apparent purpose of the Legislature and to permit its constitutional validity to be sustained. *In re Petition of Bryant,* 323 Mich 424, 437; 35 NW2d 371 (1949).

Pertinent portions of MCL 800.403(2); MSA 28.1703(2) provide:

If the attorney general . . . has good cause to believe that a prisoner has sufficient assets to recover not less than 10% of the estimated cost of care of the prisoner or 10% of the estimated cost of care of the prisoner for 2 years, whichever is less, the attorney general shall seek to secure reimbursement for the expense of the state of Michigan for the cost of care of that prisoner.

In our opinion, the State Correctional Facility Reimbursement Act was designed to regulate the responsibilities of certain state officials and to provide procedures for securing reimbursement for expenses incurred by the state. A fair reading of the statutory language leads to the conclusion that the Attorney General must seek reimbursement when the assets of the prisoner are such that a recovery of not less than ten percent of the cost of care is possible. The language does not bar a lawsuit for reimbursement when the possible recovery would be less than ten percent of the cost of care. In those cases, we believe that the Attorney General has discretion to seek reimbursement.

In reaching this conclusion, we note that another panel of this Court denied an application for a delayed appeal after concluding that the Attorney General could commence a reimbursement action without establishing a threshold amount. *State Treasurer v Maltos,* order of the Court of Appeals, entered January 11, 1991 (Docket No. 133061). That panel also concluded that suit was mandated where the prisoner's assets exceeded the threshold amount and discretionary in all other cases.

Affirmed.