NELLIS v NELLIS

Docket No. 155346. Submitted August 10, 1994, at Detroit. Decided
    May 26, 1995, at 9:25 A.M.

Charles and Jean Nellis brought an action in the Ingham Circuit
    Court seeking custody of two minor children of the defendants,
    Vergil and Debra Nellis. The plaintiffs are the children's pater-
    nal aunt and uncle. The court granted custody to the plaintiffs
    and ordered Vergil to pay $45 a week for each child in child
    support. Vergil and Debra were thereafter granted a judgment
    of divorce in the Ingham Circuit Court. As part of the judg-
    ment, Vergil was ordered to pay Debra $6,250 as part of the
    property settlement. Charles and Jean filed a motion for the
    payment of child support and a partial stay of the judgment of
    divorce. The court entered a preliminary injunction ordering
    that the property settlement money be placed in escrow until
    the court ruled with regard to child support. The court, Law-
    rence M. Glazer, J., ruled that Debra's property settlement
    assets could be considered for the purpose of setting the
    amount of child support. The court ordered Vergil to pay a
    total of $100 a week child support and Debra to pay $11 a week
    and also deposit $1,500 of her lump sum property settlement in
    a trust fund for the children's support. Debra Nellis appealed.

The Court of Appeals *held:*

1. The money that Vergil was ordered to pay Debra as a
    lump sum property settlement constituted income for Debra,
    pursuant to MCL 552.602(c); MSA 25.164(2)(c), for purposes of
    calculating a reasonable rate of child support.

2. Although the court properly considered the lump sum
    divorce settlement as income for purposes of determining child
    support, it erred in ordering Debra to pay both the $11 a week
    and the $1,500. A court may calculate support in an amount
    determined by application of the child support formula, as the
    court did in this case with regard to the $11 a week, or enter a
    support order that deviates from the formula if application of
    the formula would be unjust or inappropriate. The court may

REFERENCES
Am Jur 2d, Divorce and Separation §§ 1040-1043.
See ALR Index under Custody and Support of Children.

not both apply the formula and then enter an order that deviates from the formula. The matter must be remanded for entry of an order consistent with MCL 552.16(2); MSA 25.96(2).

Remanded.

1. PARENT AND CHILD — CHILD SUPPORT — INCOME — PROPERTY SETTLEMENTS.

   A party's receipt of a lump sum property settlement in a divorce action may be considered as income for the purpose of determining the party's child support obligation (MCL 552.602[c]; MSA 25.164[2][c]).

2. PARENT AND CHILD — CHILD SUPPORT.

   A trial court generally must calculate child support by application of the child support formula, but may enter a support order that deviates from the formula if application of the formula would be unjust or inappropriate; the court may not both apply the formula and then enter an order that deviates from the formula (MCL 552.16[2]; MSA 25.96[2]).

*Pratt & Frank, P.C.* (by *Paul C. Pratt*), for Charles and Jean Nellis.

*William H. Archer,* for Debra Nellis.

Before: FITZGERALD, P.J., and BRENNAN and J. M. BATZER,* JJ.

PER CURIAM. Defendant Debra Nellis appeals as of right from an August 4, 1992, order modifying an April 17, 1989, support order. We remand.

On January 15, 1988, plaintiffs filed a suit seeking custody of defendants' minor children, Vergil Nellis (born July 7, 1992) and Isaiah Nellis (born September 14, 1983). Plaintiffs are the children's paternal aunt and uncle. On August 22, 1988, by stipulation of the parties, temporary custody was given to plaintiffs. On April 17, 1989, the trial court entered a stipulation and order granting custody of the minor children to plaintiffs. Defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant Vergil Nellis was ordered to pay $45 a week for each child in child support.

On December 4, 1991, defendants were granted a divorce. As part of the judgment of divorce, Vergil Nellis was to pay Debra Nellis the sum of $6,250 as part of the property settlement with $2,083 to be paid one year later and a final $2,084 plus interest to be paid two years later. On December 23, 1991, plaintiffs filed a motion for payment of child support and a partial stay of the judgment of divorce. Plaintiffs also filed a petition to determine support to be paid by defendants. Plaintiffs asked the court to require that the payment by defendant Vergil Nellis to Debra Nellis be placed in an interest-bearing account until the court could rule on defendants' support obligations. On February 19, 1992, the trial court entered a preliminary injunction ordering that the property settlement money be placed in escrow until the court could rule on the motion for a change of support.

On March 18, 1992, a hearing was held before Ingham Circuit Judge Lawrence M. Glazer. Upon considering the parties' arguments, the court ruled that Debra Nellis' property settlement assets could be considered by the court for the purpose of setting an amount of child support. On July 21, 1992, a hearing on plaintiffs' motion for modification of child support was held. The court ordered that Debra Nellis pay $11 a week in child support and increased Vegil Nellis' total payment to $100 a week. The trial court then ordered that Debra Nellis pay child support of $11 a week and also pay $1,500 of the lump sum property settlement she received to plaintiffs' trust fund for the support of the minor children.

The sole issue on appeal is whether the trial court erred in modifying the earlier support provisions and ordering Debra Nellis to pay to plaintiffs

$1,500 from the divorce settlement. A trial court may modify a child support order upon a showing of a change of circumstances justifying modification. MCL 552.17; MSA 25.97; *Edwards v Edwards,* 192 Mich App 559, 562; 481 NW2d 769 (1992). Modification of a child support order is a matter within the sound discretion of the trial court. A trial court's findings of fact are reviewed under the clearly erroneous standard, but a court's ultimate disposition is subject to review de novo. *Deal v Deal,* 197 Mich App 739, 742; 496 NW2d 403 (1993). This Court will reverse a trial court's decision only when it is convinced it would have reached a different result. *Id.* at 743.

MCL 552.602(c); MSA 25.164(2)(c) defines the term "income" as any of the following:

(i) Commissions, earnings, salaries, wages, and other income due or to be due in the future from his or her employer and successor employers.

(ii) Any payment due or to be due in the future from a profit-sharing plan, pension plan, insurance contract, annuity, social security, unemployment compensation, supplemental unemployment benefits, and worker's compensation.

(iii) Any amount of money which is due to the payer under a support order as a debt of any other individual, partnership, association, or private or public corporation, the United States or any federal agency, this state or any political subdivision of this state, any other state or a political subdivision of another state, or any other legal entity which is indebted to the payer.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). The first criterion in determining intent is the specific language of the statute. If the plain and ordinary

meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Thompson v Merritt,* 192 Mich App 412, 420; 481 NW2d 735 (1991). Where the language used by a statute is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as it is written. *Gebhardt v O'Rourke,* 444 Mich 535, 541-542; 510 NW2d 900 (1994). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Thompson, supra* at 420-421.

Certainly, once the divorce judgment had been entered and Vergil Nellis was ordered to pay Debra Nellis the sum of $6,250 as part of the divorce settlement, an amount of money became owed to Debra Nellis. It is our opinion that this money constitutes "income" for purposes of MCL 552.602(c); MSA 25.164(2)(c). As set forth in the revised Michigan Child Support Guideline Manual (5th rev, 1992), pp 7-8:

> Non-income producing assets such as cash, . . . that are owned by custodial and noncustodial parents, after the property is distributed pursuant to the judgment of divorce . . . may be used to determine expected income. Expected income may be attributed to those assets by using current average interest rates for passbook savings accounts, treasury bills, treasury bonds, certificates of deposit, etc.

We are not only convinced that the trial court in this case did not abuse its discretion in considering the lump sum divorce settlement as income for purposes of calculating a reasonable rate of child support, but we believe that the trial court's decision was consistent with previous rulings by this Court. As we stated in *Malnar v Malnar,* 156 Mich App 534, 537-538; 401 NW2d 892 (1986):

> The elements of public policy which hold that a father has a legal duty to support his minor children outweigh the public policy that an owner of property may do with it as he pleases by imposing spendthrift restraints on the disposition of income from a spendthrift trust. When the noncustodial parent has the financial means to support and maintain his own children, the source thereof is immaterial. While the duty imposed on the parent must be fair and not confiscatory, the parent's duty to support his children is not limited to his income. In determining the amount of support, in addition to income, all relevant aspects of the financial status of the person obligated to pay support must be considered. [Citations omitted.]

However, while we find that the court properly considered the lump sum divorce settlement as income for purposes of child support, we believe that the trial court erred in ordering Debra Nellis to pay to plaintiffs as child support both $11 a week and $1,500 from the divorce settlement. MCL 552.16(2); MSA 25.96(2) expressly states:

> Except as otherwise provided in this section, the court shall order support in an amount determined by application of the child support formula developed by the state friend of the court bureau. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:
> (a) The support amount determined by application of the child support formula.
> (b) How the support order deviates from the child support formula.
> (c) The value of property or other support awarded in lieu of the payment of child support, if applicable.
> (d) The reasons why application of the child

support formula would be unjust or inappropriate in the case.

While, generally, the above statute requires that a trial court calculate support in an amount determined by application of the child support formula, *Eddie v Eddie,* 201 Mich App 509, 511; 506 NW2d 591 (1993), it clearly allows a trial court to enter a support order that deviates from the support formula if application of the formula would be unjust or inappropriate. See, generally, *Calley v Calley,* 197 Mich App 380, 382; 496 NW2d 305 (1992). The statute does not, however, in our opinion allow for a trial court to both apply the child support formula and then enter an order that deviates from the formula. By awarding the amount of child support recommended by the child support formula, $11 a week, the court was applying the support formula. In requiring Debra Nellis to then pay $1,500 to plaintiffs, the court in fact deviated from the formula. We believe that this result is inconsistent with the language of the statute. We conclude, therefore, that this matter should be remanded to the trial court so that it may enter an order that is consistent with MCL 552.16(2); MSA 25.96(2).

Remanded.

FITZGERALD, P.J. I concur in the result only.