STATE TREASURER v SCHUSTER

Docket No. 168057. Submitted December 6, 1995, at Detroit. Decided February 2, 1996, at 9:25 A.M. Leave to appeal sought.

The State Treasurer brought an action in the Ingham Circuit Court against Jon N. and Jane C. Schuster, seeking ninety percent of Jon Schuster's retirement allowance under the Public School Employees Retirement Act, MCL 38.1301 et seq.; MSA 15.893(111) et seq., as reimbursement pursuant to the State Correctional Facility Reimbursement Act, MCL 800.401 et seq.; MSA 28.1701 et seq., for the cost of Jon Schuster's incarceration in a state prison. The parties filed motions for summary disposition. The court, Thomas Leo Brown, J., denied the Schusters' motions and granted in part the State Treasurer's motion, ruling that the State Treasurer could obtain Jon Schuster's half interest in the retirement allowance but not Jane Schuster's half interest. The Schusters appealed.

The Court of Appeals held:

1. Although the State Correctional Facility Reimbursement Act provides that a prisoner's pension benefits are among the assets from which reimbursement may be sought by the state, the Public School Employees Retirement Act specifically protects a public school employee's retirement allowance from legal process. Because the Public School Employees Retirement Act is specific in scope and the State Correctional Facility Reimbursement Act is general, the former statute prevails over the latter. The trial court erred in ruling that the State Treasurer could obtain a portion of the retirement allowance at issue as reimbursement for the cost of Jon Schuster's incarceration.

2. Jane Schuster was a proper party to the action because the trial court could hold her individually liable for the proceeds of the retirement checks that she cashed pursuant to an alleged power of attorney, and adding her as a party also protected her rights to the retirement benefits.

Reversed and remanded for entry of summary disposition for the defendants.

REFERENCES

Am Jur 2d, Penal and Correctional Institutions § 215.
See ALR Index under Prisons and Prisoners.

PRISONS AND PRISONERS — STATE CORRECTIONAL FACILITY REIMBURSE-
MENT ACT — PUBLIC SCHOOL EMPLOYEES RETIREMENT ACT.

A retirement allowance received pursuant to the Public School
Employees Retirement Act by a state prison inmate is not
subject to the State Correctional Facility Reimbursement Act
as a source for the reimbursement of the state for the cost of
the inmate's incarceration (MCL 38.1346[1], 800.401a[a]; MSA
15.893[156][1], 28.1701[1][a]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *E. David Brockman* and *Daniel M. Levy*, Assistant Attorneys General, for the plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Lawrence G. Campbell*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and REILLY and E. SOSNICK,* JJ.

MICHAEL J. KELLY, P.J. Defendants Jon and Jane Schuster, husband and wife, appeal as of right from an order entered on August 11, 1993, by Ingham Circuit Judge Thomas Leo Brown granting in part plaintiff's motion for summary disposition and denying defendants' motion for reconsideration. Plaintiff brought this action under the State Correctional Facility Reimbursement Act (SCFRA), MCL 800.401 *et seq.*; MSA 28.1701 *et seq.*, seeking reimbursement for the cost of defendant Jon Schuster's care while he is incarcerated in a state correctional facility. Plaintiff sought to obtain ninety percent of the proceeds from Jon Schuster's retirement allowance, which he is entitled to under the Public School Employees Retirement Act (PSERA), MCL 38.1301 *et seq.*; MSA 15.893(111) *et seq.*

On April 10, 1991, defendant Jon Schuster was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentenced to 2½ to 15 years in prison. Plaintiff, State Treasurer, alleged that the state had expended approximately $22,000 for Schuster's care and that it would continue to expend comparable costs during his confinement. Schuster received a retirement allowance of more than $2,000 a month from the Michigan Public School Employees' Retirement System. Defendants each moved for summary disposition under MCR 2.116(C)(8), claiming plaintiff could not "collaterally attack" Jon Schuster's retirement allowance received under the PSERA, because such benefits were not subject to garnishment, attachment, or other process of law. Defendant wife claimed she was not subject to suit under the SCFRA because she was not a prisoner.

In an opinion and order dated April 23, 1993, the court denied both motions. The court held that Jon Schuster's PSERA retirement allowance could be considered in evaluating his ability to pay for the expense of his incarceration, even though he did not have other assets to support his family in lieu of that retirement allowance. Further, the court held that although the retirement allowance was not subject to direct attachment or garnishment, plaintiff could obtain the funds after Jon Schuster received payment. Considering Jane Schuster's situation as "an innocent party to her husband's conduct," the court found "no reason to subject her to any greater hardship . . . than is necessary." Thus, the court concluded that plaintiff could obtain only fifty percent of the retirement proceeds. The court also decided that Jane Schuster was a proper party because she had direct control over the receipt and deposit of the allowance proceeds.

In an order entered on June 11, 1993, the court incorporated its April 23, 1993, opinion and order and required defendants to pay $1,000 a month of

the retirement allowance to the court clerk beginning July 1, 1993. The court entered a final order on August 11, 1993, granting in part plaintiff's motion for summary disposition and denying defendants' motion for reconsideration. The order also modified and supplemented the June 11, 1993, order and required that $1,000 be paid each month during the time Jon Schuster remained in prison and that the $25,666 arrearage be paid in $1,000 monthly installments after his release. Defendants appeal from this order. They contend that the court's holding violates the PSERA exemption and nonassignability clause.

This Court reviews de novo a trial court's grant of a motion for summary disposition brought under MCR 2.116(C)(8). *Mieras v DeBona,* 204 Mich App 703, 706; 516 NW2d 154 (1994). The trial court erred in granting summary disposition in plaintiff's favor. The trial court should have granted summary disposition in defendants' favor, dismissing plaintiff's complaint for reimbursement under the SCFRA because the PSERA exemption and nonassignability clause is paramount.

In 1984, the Legislature amended various sections of 1935 PA 253, the Prison Reimbursement Act (PRA) and renamed it the State Correctional Facility Reimbursement Act (SCFRA). While the SCFRA retained the basic purpose of the PRA, it further defined the amount of property that could be used for reimbursement and the types of property subject to an action.

Although the original 1935 act did not specifically define the term "asset," it granted broad jurisdiction over "any estate" that a prisoner currently possessed or subsequently acquired, including "pension benefits" generally, but not school employees' pension benefits specifically. Significantly, the Legislature in 1984 exempted certain

property from process, including a prisoner's homestead, money received on account of a claim against the Department of Corrections, and "money saved by the prisoner from wages and bonuses paid while the prisoner was confined to a state correctional facility." MCL 800.401a(a)(i)-(iv); MSA 28.1701(1)(a)(i)-(iv).

While the SCFRA allows the state to seek reimbursement from a prisoner's "pension benefits," MCL 800.401a(a); MSA 28.1701(1)(a), the PSERA, specifically protects a public school employee's retirement allowance from legal process. The section of the PSERA at issue, 1989 PA 194, MCL 38.1346(1); MSA 15.893(156)(1), currently provides the following:

> Except as otherwise provided in this section, a retirement allowance, an optional benefit, or any other benefit accrued or accruing to a person under this act, the reserves created by this act, and the money, investment, or income of those reserves, are exempt from state, county, municipal, or other local tax, and are not subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law. The right to a retirement allowance, an optional benefit, or any other benefit accrued or accruing to a person under this act is unassignable, except as specifically provided in this act.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The courts presume that the Legislature is familiar with the rules of statutory construction; thus, when it promulgates new laws, the Legislature is charged with knowledge of existing laws on the same subject and is presumed to have considered

the effect of new laws on all existing laws. *Walen v Dep't of Corrections,* 443 Mich 240, 248; 505 NW2d 519 (1993); *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 683; 423 NW2d 311 (1988). Statutes relating to the same subject or sharing a common purpose are in pari materia and must be read together as one, even if they contain no reference to one another and were enacted on different dates. *Brown v Manistee Co Rd Comm,* 204 Mich App 574, 577; 516 NW2d 121 (1994), citing *Feld v Robert & Charles Beauty Salon,* 174 Mich App 309, 317; 435 NW2d 474 (1989). If two statutes lend themselves to a construction that avoids conflict, that construction should control. *House Speaker v State Administrative Bd,* 441 Mich 547, 568-569; 495 NW2d 539 (1993); *Baxter v Gates Rubber Co,* 171 Mich App 588, 590; 431 NW2d 81 (1988). Finally, "[w]hen two statutes conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails." *Brown, supra* at 577, accord *Gebhardt v O'Rourke,* 444 Mich 535, 542-543; 510 NW2d 900 (1994); *Jenkins v Carney-Nadeau Public School,* 201 Mich App 142, 145; 505 NW2d 893 (1993). The specific statute is treated as an exception to the general one, even if enacted before the general statute. *Bauer v Dep't of Treasury,* 203 Mich App 97, 100; 512 NW2d 42 (1993), citing *Imlay Twp School Dist v State Bd of Ed,* 359 Mich 478; 102 NW2d 720 (1960).

Although the statutes at issue here do not share a common purpose, e.g., *Jennings v Southwood,* 446 Mich 125, 142; 521 NW2d 230 (1994), they do involve one common subject, i.e., retirement benefits. The distinction, however, is that the SCFRA is general in scope (i.e., it deals with the ability of the state to seek reimbursement for costs from a prisoner's real and personal property in general),

whereas the PSERA specifically deals with a public school employee's retirement benefits. Because the exemption from legal process under the PSERA is more specific, the PSERA prevails and plaintiff is precluded from seeking reimbursement from defendant Jon Schuster with respect to this asset. E.g., *Brown, supra* at 577.

Further support for this interpretation can be found in the legislative history. In 1955, the Legislature enacted § 46 of the PSERA, allowing an exemption from legal process. In 1984, when the Legislature amended § 404a of the original 1935 reimbursement act, it did not expand the list of property subject to legal process—basically, every type of property was and is subject to the act. Instead, the amendment excluded certain assets from process, such as a prisoner's homestead. MCL 800.401a(a)(i)-(iv); MSA 28.1701(a)(i)-(iv). Because the Legislature is presumed both to know of existing laws on the same subject and to have considered the effect of new laws on existing laws, *Walen, supra,* this Court concludes that the Legislature intended in 1955 that retirement benefits under the PSERA would be exempt from attachment in a proceeding brought under the reimbursement act. See *Hill v Dep't of Treasury,* 202 Mich App 700, 704; 509 NW2d 905 (1993) (holding that, if the statutes are in pari materia, the general rule that a more recently enacted law has precedence "is particularly persuasive when one statute is both the more specific and the more recent"). Under this interpretation, the purpose of the exemption provision of the PSERA is fulfilled, and the Attorney General may still seek reimbursement under the SCFRA based upon the prisoner's other assets. A contrary conclusion would elevate the purpose of the SCFRA while negating the PSERA exemption provision.

Plaintiff next argues, and the court found, that even if the pension itself is not subject to attachment, the money generated thereby is subject to attachment once the payment has been received by the PSERA retirant. This argument ignores the definition of "retirement allowance." Because "retirement allowance" is defined, in part, as "a payment," the act must be read to specifically exclude retirement allowance payments from legal process. MCL 38.1346; MSA 15.893(156). Further, plaintiff's proposed interpretation would subject retirement allowance payments to taxation and bankruptcy or insolvency proceedings once such payments landed in the retirant's hands. Such interpretation defeats the purpose of the act as expressed by its plain language.

Finally, defendant Jane Schuster argues that she is not a proper party to this action. The court specifically has the authority to order a person possessing a prisoner's property to turn it over to the state. Because the Attorney General alleged that Jane Schuster acted under a power of attorney when cashing the retirement allowance checks, he properly named her as a party because the court could hold her individually liable for the proceeds of the check. See MCL 440.3402(1); MSA 19.3402(1). Additionally, joining her as a party also protected any right she may have asserted to the proceeds independent of her husband's interest. See MCL 38.1346(4)-(6); MSA 15.893(156)(4)-(6) (alimony, child support, or an eligible domestic relations order); MCL 800.404(5); MSA 28.1704(5) (requiring court to consider the SCFRA defendant's legal obligations to support a spouse, minor children, or other dependents and any moral obligation to provide support for dependents). Therefore, Jane Schuster's argument that she is not a proper party is without merit.

Further issues raised in this appeal need not be addressed because this Court finds the trial court erred in granting summary disposition for plaintiff and reverses that order. The defendants' motion for summary disposition is granted.

Reversed and remanded for entry of summary disposition for defendants.