PEOPLE v BORCHARD-RUHLAND

Docket No. 200048. Submitted April 21, 1998, at Lansing. Decided June 2, 1998, at 9:15 A.M. Leave to appeal sought.

Ann C. Borchard-Ruhland was charged in the 74th District Court with two counts of operating a motor vehicle while under the influence of liquor or while having an unlawful blood alcohol level, thereby causing serious injury. The court, John C. Leaming, J., suppressed evidence of a blood test that had been administered to the defendant. The test had been performed at a hospital, before the defendant was arrested, upon the request of a police officer, for the sole purpose of establishing blood alcohol level, and with the consent of the defendant. The court ruled that the evidence was inadmissible because the police officer had failed to advise the defendant of her chemical test rights as required by the implied consent statute. The Bay Circuit Court, Kenneth W. Schmidt, J., denied the prosecution's application for leave to appeal. The prosecution appealed to the Court of Appeals by leave granted.

The Court of Appeals *held*:

The blood test was administered under color of statutory authority. Test results obtained pursuant to the exercise of statutory authority are not admissible unless obtained in conformity with the statute.

Affirmed.

1. INTOXICATING LIQUORS — AUTOMOBILES — IMPLIED CONSENT — BLOOD TESTS.

A blood test administered to a motorist will be deemed to have been given under the implied consent statute unless express disclaimers of reliance on the statute are made to both the motorist and the health-care worker administering the test (MCL 257.625c; MSA 9.2325[3]).

2. INTOXICATING LIQUORS — AUTOMOBILES — IMPLIED CONSENT.

Test results obtained pursuant to the exercise of authority under the implied consent statute are not admissible in prosecutions for drunk driving unless they are obtained in conformity with the statute (MCL 257.625c; MSA 9.2325[3]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Joseph K. Sheeran*, Prosecuting Attorney, and *Timothy J. Kelly*, Chief Assistant Prosecuting Attorney, for the people.

*Smith, Bovill, Fisher, Meyer & Borchard, P.C.* (by *Fred L. Borchard* and *James F. Troester*), for the defendant.

Before: HOLBROOK, JR., P.J. and GRIBBS and R. J. DANHOF*, JJ.

GRIBBS, J. This is a prosecutor's appeal from a circuit court order denying the prosecutor's application for leave to appeal from the district court opinion and order suppressing evidence of a blood alcohol test administered to defendant pursuant to her consent and while she was not under arrest. The test was administered after defendant had been involved in an automobile accident and had been admitted to a hospital. Defendant was subsequently arrested and charged with two counts of operating a motor vehicle while under the influence of intoxicating liquor or while having a blood alcohol content greater than 0.10 grams per 100 milliliters of blood (OUIL/BAC), causing serious injury. MCL 257.625(5); MSA 9.2325(5). We affirm.

The prosecutor argues that the district court erred in suppressing the blood test results on the ground that defendant had not been advised of her chemical test rights. Although the police officer did not comply with the requirements of the implied consent statute, MCL 257.625c; MSA 9.2325(3), the prosecutor con-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tends that defendant was not protected by the statute because she was not under arrest and she voluntarily consented to the test. We disagree.

A blood test is deemed to have been given under the implied consent statute unless express disclaimers of reliance on the statute are made to both the defendant and the health-care worker administering the test. *People v McKinney*, 88 Mich App 715, 720; 278 NW2d 728 (1979). Test results obtained pursuant to the exercise of statutory authority are not admissible unless obtained in conformity with the statute. *McNitt v Citco Drilling Co*, 397 Mich 384, 393; 245 NW2d 18 (1976); *People v Weaver*, 74 Mich App 53, 58; 253 NW2d 359 (1977).

The question here is whether the blood test was administered "pursuant to the exercise of statutory authority." *Id.* We conclude that the test was administered "under color of statutory authority." *McNitt, supra* at 391-392, 394; *Weaver, supra* at 59-60. The blood sample was taken at the request of a police officer specifically to determine alcohol content and not for diagnostic purposes. The nurse who drew defendant's blood was not informed that the officer's request was made without statutory authority or that she could be acting without protection from civil and criminal liability. MCL 257.625a(6)(c); MSA 9.2325(1)(6)(c).

We are not persuaded by the prosecutor's argument that the previous law on this matter no longer applies because the statute was amended to include both criminal and civil proceedings. The language concerning implied consent has not undergone any substantive change. We do not agree that the amendment broadening the scope for introduction of blood test

results renders the previous case law on implied consent inapplicable. Further, because we find that the blood test was administered under authority of the statute, we need not consider whether authority existed outside the statute to administer the blood test. *Weaver, supra* at 61.

We are not unsympathetic to the prosecutor's urging that public policy dictates a different result. However, our primary goal is to ascertain and give effect to the intent of the Legislature. When promulgating new law, the Legislature is presumed to be familiar with existing law on the same subject and to have considered its effect on new legislation. *State Treasurer v Gardner*, 222 Mich App 62, 67; 564 NW2d 51 (1997). Here, where the amendments of the statute were not intended to alter the purpose underlying implied consent, we conclude that, when a person is asked to consent to the withdrawal of blood for chemical testing, express disclaimer is still required to preclude application of the implied consent provisions.

Affirmed.