# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN STATE TREASURER,

Plaintiff-Appellee,

v

TERRY D. ALTMAN,

Defendant-Appellant,

and

TD AMERITRADE, CHARTER ONE
FINANCIAL, INC., and MASSMUTUAL
FINANCIAL GROUP,

Defendants.

UNPUBLISHED
July 23, 2015

No. 321809
Oakland Circuit Court
LC No. 2013-137915-CZ

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Defendant Altman appeals from a judgment of the circuit court entered in favor of plaintiff on plaintiff's claim under the state correctional facility reimbursement act (SCFRA), MCL 800.401 *et seq.* We affirm.

Defendant was incarcerated from 1992 until his parole in 2014. During this time, he was receiving a monthly disability payment of $5400 from MassMutual Financial Group, which was paid into an account with TD Ameritrade. In addition, defendant had a small deposit account with Charter One. Plaintiff filed its complaint under the SCFRA on December 16, 2013. A hearing was held on March 19, 2014, after which the trial court found none of the assets exempt and awarded plaintiff 90% of defendant's assets.

Defendant first argues that he was denied due process because he was not afforded adequate time to establish his defenses to the SCFRA claim. We disagree. The procedure established for SCFRA claims under MCL 800.404(2) is that an order to show cause why the requested relief should not be granted is issued and a hearing held not less than 30 days after

-1-

service on the prisoner. In this case, defendant was served on December 27, 2013, and the hearing was not held until March 19, 2014, or 82 days after service. Moreover, there is no indication in the record that defendant even requested additional time to prepare his defense.[1] Furthermore, defendant makes no showing of what additional discovery he could have obtained that would have established a defense to plaintiff's claim. At most, defendant would have been able to obtain the documentation regarding the trust that he claims was established in the 1990s to receive the disability payments. Aside from the fact that defendant does not appear to have been successful in doing so in the time since the trial court's order, ultimately it is not particularly relevant to this case.[2] Finally, defendant had ample opportunity to submit several written responses to the trial court and was able to attend the show-cause hearing by video conference. Accordingly, we are not persuaded that defendant was denied due process. See *State Treasurer v Gardener*, 222 Mich App 62, 66; 564 NW2d 51 (1997), rev'd on other grounds 459 Mich 1; 583 NW2d 687 (1998).

Regardless whether a trust was, in fact, established to receive the disability payments, ultimately the relevant question is whether those payments were made to any such trust. And there is no indication that the assets the trial court ordered seized under the SCFRA were, in fact, owned by the trust rather than by defendant individually. Rather, a letter from Ameritrade to defendant reflects that the account was an individual account, not a trust account, and that Ameritrade had no record of ever receiving any trust document.[3] Similarly, the documentation for the Charter One account reflects that it was established as an individual account in defendant's name, not a trust account. Thus, at best, defendant would be able to establish that he had created the Altman Family Trust in the 1990s and that the disability payments from MassMutual should have gone into that trust. But defendant is unable to establish that that

---

[1] Defendant did request additional time to respond to a motion to amend the complaint and that hearing was delayed an additional 7 days.

[2] In fact, in a response filed with the trial court, defendant attached a letter from TD Ameritrade, which indicated that that account was an individual account, not a trust account, and therefore it did not have a copy of the trust document. Defendant additionally attached a letter from the attorney who set up the trust, but that letter indicated that the attorney no longer had a copy of the trust document. Finally, he also attached a copy of a trust document that he had executed on January 22, 2014, approximately one month after the filing of this action.

[3] Defendant explains in his reply brief that this was a result of a clerical error made by the trustee when she opened the TD Ameritrade account in 2000. But, even assuming that funds transferred from a trust account to the grantor's individual account retains its status as being held in trust, and not a revocation of the trust or otherwise a disbursement to the grantor, defendant presents no evidence to support the conclusion that the funds were held in a trust account prior to the opening of the TD Ameritrade account in September 2000. Moreover, the funds remaining in the Ameritrade account at the time of plaintiff's filing this action represent a small portion of the deposits that would have been made from the disability payments since that time. Because those deposits were not made into a trust account, any remaining balance would not be considered part of the trust corpus.

actually happened. And, ultimately, resolution of this case depends on what actually happened, not on what defendant intended to have happened.[4]

Next, defendant argues that the trial court failed to consider his obligations to support his children. MCL 800.404(5) provides as follows:

> (5) At the hearing on the complaint and order and before entering any order on behalf of the state against the defendant, the court shall take into consideration any legal obligation of the defendant to support a spouse, minor children, or other dependents and any moral obligation to support dependents to whom the defendant is providing or has in fact provided support.

Defendant, however, makes no showing of the existence of any such obligation. First, even the youngest of his children will now be over the age by which a support order would cover them. And defendant does not even claim that there ever was a support order or that there exists an arrearage under any such support order that would have to be paid. Second, as to any claim that defendant has a "moral obligation" to support his children by way of paying for their college educations, defendant offers nothing more than a general claim. The statute does not elaborate on what is considered a "moral obligation" to provide support. As a court, we are not prepared to declare that there is a general "moral obligation" for a parent to pay for his child's college education. Moreover, the statute clearly provides the trial court is to consider the prisoner's moral obligation to support a "dependent." Although the statute does not define "dependent," a "dependent" is "a person who relies on another for support." Merriam-Webster's Collegiate Dictionary, 11th ed. Defendant makes no claim, much less offer any evidence, that any of his children rely on him for support and, therefore, are his dependent. Accordingly, the argument that the trial court should have exempted his investment account because of his obligation to support his adult children is without merit.[5]

Next, defendant argues that the trial court erred in determining that his disability payments are "assets" subject to seizure under the SCFRA. We disagree. MCL 800.401a(a) defines "assets" as follows:

> "Assets" means property, tangible or intangible, real or personal, belonging to or due a prisoner or former prisoner including income or payments to such prisoner from social security, worker's compensation, veteran's compensation, pension

---

[4] We should point out that we are somewhat skeptical that a trust was ever actually established in the 1990s. While defendant produced a letter from the attorney that set up the trust, defendant claims that he never actually saw the trust document. If so, then defendant obviously never executed the trust document; and, therefore, no trust was ever actually created.

[5] Additionally, we would note that balances of these accounts are over $1 million less than the amount that defendant has received in disability payments over the years. Presumably, in light of defendant's argument that this money was intended for the benefit of his children, that money went to his children over the years, thus satisfying any moral obligation that he may have had.

benefits, previously earned salary or wages, bonuses, annuities, retirement benefits, or from any other source whatsoever, but does not include any of the following:

(i) The homestead of the prisoner up to $50,000.00 in value.

(ii) Money saved by the prisoner from wages and bonuses paid the prisoner while he or she was confined to a state correctional facility.

Clearly, whether we consider the payments themselves from MassMutual or the funds or investments on deposit with TD Ameritrade or Charter One, they fit into this broad definition of "assets."

Defendant, however, argues that "disability payments" are not included in the definition because there is a specific statutory exemption for disability payments. But there is no such exemption under SCFRA. Rather, defendant looks to MCL 600.6023(1), which excludes from levy by a judgment creditor the following:

(1) The following property of a judgment debtor and the judgment debtor's dependents is exempt from levy and sale under an execution:

* * *

(f) Any money or other benefits paid, provided, or allowed to be paid, provided, or allowed, by any stock or mutual life or health or casualty insurance company, on account of the disability due to injury or sickness of the insured person, whether the debt or liability of such insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that the exemption under this subdivision does not apply to actions to recover for necessities contracted for after the accrual of the benefits.

But this statute, which is part of the Revised Judicature Act, deals with the rights of a general judgment creditor to levy on the property of a judgment debtor. Defendant argues that these provisions were added by the 1984 amendments to MCL 600.6023, which were enacted after the adoption of the SCFRA in that same year. Defendant relies on the doctrine that, where two statutes contradict each other, the latter adopted statute controls. See *Pittsfield Charter Twp v Washtenaw Co*, 468 Mich 702, 713; 664 NW2d 193 (2003). Defendant's argument fails for a number of reasons.

First, we are not convinced that MCL 600.6023, which deals with collection on general judgments, would even apply to an asset seizure under the SCFRA. Second, it is not at all clear to us that the provisions now found in MCL 600.6023 were first adopted in the 1984 amendment.[6] Third, even if the provision was added by the 1984 amendment to MCL 600.6023,

_____

[6] The 1989 amendment to MCL 600.6023 changed the numbering scheme of this section.

-4-

it was not effective on December 28, 1984, as defendant claims. Rather, the 1984 amendment was added by 1984 PA 83, effective April 19, 1984. The SCFRA, on the other hand, was adopted by 1984 PA 282, effective December 20, 1984.[7] Therefore, the "doctrine of last enactment" would actually work against defendant's argument, not support it. Fourth, defendant's argument ignores the principle that a specific statute controls over a general statute; and, therefore, the SCFRA would control over the general judgment levy provisions of the Revised Judicature Act. See *Gardner*, 222 Mich App at 67-68.

Finally, defendant argues that, because a disability cannot be considered an "asset," then neither can payments received on account of a disability be considered an "asset." Defendant's only support for this argument comes from a dictionary definition of "asset." But, as noted above, the statute provides its own definition of "assets," and that definition includes the right to receive a payment from any "source whatsoever." MCL 800.401a(a).

Affirmed. Plaintiff may tax costs.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

---

[7] We do note that plaintiff concedes in its brief that MCL 600.6023 was enacted after SCFRA. But it remains unclear to us what the basis for that concession would be.