KOSCH v KOSCH

Docket No. 197683. Submitted September 8, 1998, at Detroit. Decided January 8, 1999, at 9:00 A.M.

Donald F. Kosch was granted a judgment of divorce from Evelyn E. Kosch in the Wayne Circuit Court, John R. Kirwan, J. The parties were granted joint legal and physical custody of their two minor children and the plaintiff was ordered to pay child support. The judgment stated that the amount of child support was not based on or in accordance with the Michigan Child Support Guidelines, but, pursuant to the parties' agreement, was based on the parties' average income during the marriage. However, the court failed to follow the prescribed statutory requirements in deviating from the child support guidelines pursuant to MCL 552.16; MSA 25.96. The defendant subsequently filed a motion to modify the judgment of divorce to increase the child support, alleging changed circumstances, specifically, increases in the plaintiff's income and the children's needs. The court conducted hearings, determined that the plaintiff's income had increased fifty-four percent, and entered an order increasing the child support proportionally. The defendant's motion for attorney fees was denied. The defendant appealed by leave granted.

The Court of Appeals held:

1. The court complied with the provisions of MCL 552.17(2); MSA 25.97(2) in modifying the child support order by first identifying the support amount established by the child support formula and then specifying in what manner it was deviating from the amount established by the formula and why.

2. The court in modifying the child support order did not err in considering the parties' earlier agreement, which evidenced the parties' intent that the children enjoy a more modest standard of living than that provided for by the child support formula.

3. Although the court did not comply with the statutory formalities in deviating from the child support formula when granting the judgment of divorce, the defendant's failure to appeal from the judgment of divorce precludes a collateral attack on the merits of that decision. By failing to appeal the judgment of divorce, the

defendant effectively stipulated her consent to its provisions, including the original determination of child support.

4. Because the defendant did not allege facts sufficient to show that she is unable to bear the expense of this action, the court appropriately denied her motion for attorney fees.

Affirmed.

KELLY, P.J., concurring, wrote separately to state that he would have preferred to remand the matter to the trial court to review the question of attorney fees in light of the holding in *Maake v Maake*, 200 Mich App 184 (1993), that a party may not be required to invade the party's assets to satisfy attorney fees when the party is relying on the same assets for support.

1. DIVORCE — CHILD SUPPORT — MODIFICATION.

A court may modify a child support order if modification is justified by changed circumstances; the court must satisfy the requirements governing modification set out in MCL 552.17; MSA 25.97, which provides in subsection 2 that the court shall order support in accordance with the child support formula, but may deviate from the formula where the application of the formula would be unjust or inappropriate; if it deviates, the court must set forth in writing or on the record how the order deviates from the formula and the reason why application of the formula would be unjust or inappropriate; subsection 3 of the statute allows a court to enter a support order agreed to by the parties that deviates from the formula where the court complies with subsection 2.

2. DIVORCE — ATTORNEY FEES.

A party in a domestic relations matter who is unable to bear the expense of attorney fees may recover reasonable attorney fees if the other party is able to pay; the party requesting the fees must allege facts sufficient to show that the party is unable to bear the expense of the action (MCR 3.206[C][2]).

*Henry Baskin, P.C.* (by *Henry Baskin*) and *Charles G. Goedert,* for the plaintiff.

*Chiamp & Associates, P.C.* (by *Carole L. Chiamp* and *Charlene Snow*), for the defendants.

Amici Curiae:

*Ruthmarie Shea,* for Women Lawyers Association of Michigan.

*Oosterhouse, Kravitz & Witte, P.C. (by Norman Kravitz), Judith A. Curtis,* and *Katherine L. Barnhart, P.C. (by Karen S. Sendelbach),* for Family Law Section of the State Bar of Michigan.

Before: KELLY, P.J., and HOEKSTRA and YOUNG, JR., JJ.

PER CURIAM. Defendant appeals by leave of this Court an order modifying the parties' judgment of divorce to increase child support and denying her motion for attorney fees. We affirm.

Plaintiff and defendant were married in 1984 and divorced in 1991. They share joint legal and physical custody of their two minor children, each having physical custody 3½ days each week. The judgment of divorce provided that plaintiff would pay to defendant $192.31 a week, for each child, in child support and stated that, by agreement of the parties, this amount of support was not based on or in accordance with the Michigan Child Support Guidelines, but, rather, was based on the parties' average income as reflected in their joint tax returns for the tax years 1984 through 1990. The trial court failed to follow the prescribed statutory requirements in deviating from the child support guidelines pursuant to MCL 552.16; MSA 25.96.[1]

The facts of this case establish that both parents, despite their separation from each other, remain deeply involved in the lives of their children. Plaintiff testified that the children participate in a wide variety

---

[1] Had the trial court in 1991 applied the child support guidelines, plaintiff's child support obligation would have been $1,583 a week for the two children. Instead, the trial court awarded defendant $384.62 a week for the two children in support payments pursuant to the agreement of the parties.

of activities, including ice skating, baseball, and soccer. He takes the children to his private country club and pays for golf lessons. He travels with the children to his condominium in Florida and has taken them on trips to Jamaica, Las Vegas, Harbor Springs, and Puerto Rico. Plaintiff attends the theater and movies with his children. They have visited Busch Gardens, Jungle Larry's, Disney World, and Cedar Point.

Defendant testified that she does not see any deficiencies in her children's lives in terms of culture, education, or travel. It is undisputed by either party that the children are healthy and well-adjusted. The parties agree that their physical custody arrangement is working out well. Defendant states that if she is given an increase in child support payments, she will use the money to take the children on educational trips to Hawaii, Africa, and space camp in Florida. She would also increase the children's exposure to art, music, and dance. Defendant believes the children are not living the lifestyle that they are entitled to. Plaintiff states that he is willing to pay for everything the children need, not necessarily everything that they want.

In September 1994, defendant filed a motion to modify the judgment of divorce to increase child support on the basis of changed circumstances. Specifically, plaintiff's income had increased substantially, from $1,033,193 to $1,588,454, and the children's needs had increased as they had gotten older. After a three-day evidentiary hearing, the trial court found that plaintiff's income had increased by fifty-four percent and ordered that child support be increased proportionately to $312.50 a week, for each child, for a total of $625 a week.

Defendant first argues on appeal that the trial court erred in deviating from the amount of support established by the Michigan Child Support Formula, $786.50 a child or $1,573 a week for the two children, and relying instead on an agreement made by the parties at the time of the divorce when it originally approved the stipulated child support award. Modification of a child support order is a matter within the sound discretion of the trial court. *Good v Armstrong*, 218 Mich App 1, 4-5; 554 NW2d 14 (1996). The burden is on the party appealing a child support order to show that the trial court clearly abused its discretion. The trial court's findings of fact are reviewed for clear error, but its ultimate decision is subject to review de novo. Reversal of the trial court's decision is appropriate only if this Court is convinced that it would have reached a different result. *Id.*

A trial court may modify a child support order if modification is justified by changed circumstances. MCL 552.17; MSA 25.97; *Nellis v Nellis*, 211 Mich App 226, 229; 535 NW2d 240 (1995). The requirements governing modification of child support are set out in MCL 552.17; MSA 25.97, which provides in subsection 2 that a court shall order support in accordance with the child support formula, but may deviate from the formula if the court determines that application of the formula would be unjust or inappropriate. If it deviates, the court must set forth in writing or on the record how the order deviates from the formula and the reasons why it finds that application of the formula would be unjust or inappropriate. See *Nellis, supra* at 231-232. MCL 552.17(3); MSA 25.97(3) allows the court to enter a support order agreed to by the

parties that deviates from the formula, if the court complies with the requirements of subsection 2.

Defendant contends that the trial court erred in deviating from the amount of child support established by the formula when it modified the child support order because the amount established by the formula is presumptively correct and provides for the reasonable needs of children of wealthy parents. Defendant further argues that the court erroneously relied on the parties' earlier agreement because, in deviating from the amount established by the formula when it entered the divorce judgment without explaining why, the trial court did not comply with the provisions of MCL 552.17(2); MSA 25.97(2). Moreover, the agreement was erroneous on its face, because the stipulated support amount was not the amount established by the child support formula for the parties' average income for the years, 1984 through 1990.

We find that the trial court complied with the provisions of MCL 552.17(2); MSA 25.97(2) in modifying the child support order by first identifying the support amount established by the child support formula and then specifying in what manner it was deviating from the amount established by the formula and why. The court found that the child support established by the formula would be inappropriate in this case because the parties' earlier agreement evidenced their intent that the children enjoy a more modest standard of living than that provided for by the formula and because the children's reasonable needs were being met. The court went on to reason that, in keeping with the spirit of the stipulated child support award in the divorce judgment, an increase in child support

should mirror the increase in plaintiff's average income. Also, the trial court noted that if it believed the reasonable needs of the children were not being met, it would not follow this approach. As the court stated:

> The children's welfare must be the first priority of the Court. And in the absence of the agreement made by the parties[,] this Court sees no reason why it would deviate from the guidelines.

The trial court then referenced the value of the property settlement in which defendant received approximately $1,200,000 in marital assets. Moreover, under § 12 of the judgment, a college trust fund was referenced and plaintiff was held responsible for all the costs of four-year college educations for the children. The court then stated that the court's resolution provides for the reasonable needs of the children while discouraging the parties from negotiating a favorable property settlement or alimony award by agreeing to a child support amount below the guidelines' recommendation and then later petitioning the trial court for an increase in child support payments. Finally, the trial court reasoned that if child support were to be ordered increased to the level indicated by the support guidelines, and if plaintiff expended the same amount while he has custody of the children, the total annual expenditure for the two children would be $164,632. The trial court noted that this is an extraordinarily high amount that obviously conflicts with the original intent of the parties at the time of their divorce.

Further, we find that the trial court did not abuse its discretion in considering the earlier agreement in

modifying the child support order. Defendant never appealed that original order and, while we acknowledge that the court did not comply with the formalities of the statute in deviating from the child support formula, in the order currently being appealed, the court, as noted above, meticulously set out its reasoning and addressed the concerns expressed by appellant about the earlier judgment. We note that the agreement itself stated that the child support provided for was not in accordance with the child support guidelines. Defendant's failure to file an appeal from the original judgment of divorce, pursuant to MCR 7.205(A) or (F), precludes a collateral attack on the merits of that decision. By failing to appeal the original judgment of divorce, defendant has effectively stipulated her consent to its provisions, including the original determination of child support. Defendant's claim that the original agreement was defective on its face is not properly subject to review by this Court at this time. The increase in child support ordered by the trial court reflected the changed circumstances of plaintiff's increased income. It is clear that the trial court attempted to maintain the spirit of the judgment of divorce by paralleling plaintiff's increase in income with the modified increase in child support. Given the facts of this case, we are not convinced that we would have reached a different result than the trial court.

Defendant's second argument on appeal is that the trial court abused its discretion in failing to provide for a "good fortune trust" for the children. The record shows that defendant never raised this issue before the trial court. Defense counsel, during oral arguments in this Court, asserted that a "good fortune

trust" should be considered as a remedy available to the Court through the application of the Family Support Act, PL 100-485, 102 Stat 2343. Regardless of such an argument, we find that the record is devoid of any reference to defendant's desire for the application of a "good fortune trust." Therefore, this argument is not preserved for appeal and we decline to address it. *Vander Bossche v Valley Pub*, 203 Mich App 632, 641; 513 NW2d 225 (1994).

Defendant's last argument on appeal is that the trial court abused its discretion in failing to award her attorney fees. We review a trial court's decision to award attorney fees for an abuse of discretion. *Featherston v Steinhoff*, 226 Mich App 584, 593; 575 NW2d 6 (1997). A party in a domestic relations matter who is unable to bear the expense of attorney fees may recover reasonable attorney fees if the other party is able to pay. *Id.*; MCR 3.206(C)(2). However, under MCR 3.206(C)(2), the party requesting the fees must allege facts sufficient to show that the party is unable to bear the expense of the action. Because defendant has not alleged facts sufficient to show that she is unable to bear the expense of this action, we find that the trial court did not abuse its discretion in denying her motion for attorney fees.

Affirmed.

KELLY, P.J. (*concurring*). I concur in the majority opinion in all respects, but would have preferred to remand the question of attorney fees to the trial court for a more specific review of defendant's request in light of *Maake v Maake*, 200 Mich App 184; 503 NW2d 664 (1993), and in particular, the holding in *Maake* that "[a] party may not be required to invade her assets to satisfy attorney fees when she is relying on

the same assets for her support." *Id.* at 189. While it is true that the record indicates defendant receives approximately $54,000 in alimony from plaintiff, in view of the disparity between the parties' incomes and their standards of living, I believe it could well be the case that defendant will have to invade her property settlement assets in order to pay her attorney fees. I at least think this position is just as inferable as is the majority's necessary inference that under the circumstances defendant will not have to use marital property received through the divorce to satisfy her legal fees.