*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTY M. NAPORA,

        Plaintiff-Appellee,

v

AXEL Y. PIERSON,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 358637
Oakland Circuit Court
LC No. 2016-848558-DM

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his objections to the Friend of the Court referee's recommendations regarding modification of defendant's child support obligation, and ordering him to pay monthly child support of $899, an upward deviation from the $149 amount calculated under the Michigan Child Support Formula (MCSF). Because the record evidence failed to support the deviation, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

The parties married in January 2009 and divorced on September 6, 2017. The consent judgment of divorce provided that the parties agreed to joint legal and physical custody of their two minor children, then eight and two years old, with equal parenting time. Regarding child support, the consent judgment provided:

IT IS ORDERED that commencing on the first day of the month following Plaintiff vacating the marital home, Defendant/Father shall pay child support to Plaintiff/Mother . . . in the amount of $1,000.00 per month for the support of two children, which includes $67.00 per month for ordinary health care costs, and

---

[1] *Napora v Pierson*, unpublished order of the Court of Appeals, entered February 24, 2022 (Docket No. 358637).

-1-

$750.00 per month for the support of one child, which includes $33.00 per month for ordinary health care costs, until each child attains the age of 18 years or graduates from high school, as provided by MCL 552.605b, whichever is later, but no longer than 19 ½ years or until further order of this Court.

IT IS FURTHER ORDERED that a Uniform Child Support Order is being filed simultaneously with this Judgment of Divorce and is incorporated herein by reference.

Neither the consent judgment nor the attendant uniform child support order (UCSO) made any reference to a deviation from the MCSF, nor explained any reasons underlying their agreement. Respecting pension retirement and investment plan rights, the consent judgment awarded plaintiff "50% of the marital portion of the Defendant's Thrift Savings Plan as her sole and separate property free and clear from any claim of Defendant" and she was to be "awarded the equivalent of 50% of the marital portion of the Thrift Savings Plan, from the equity in the marital home."

Three years later, the Friend of the Court informed defendant that he had a right to request a child support review under MCL 552.517,[2] prompting him to move to modify his monthly support obligation to the amount established by the MCSF. In response, plaintiff asked the court to deny a child support review and continue defendant's obligation at $1,000 per month. She asserted that the parties agreed to that amount at the time of their divorce, their circumstances had hardly changed, and defendant had the ability to pay it.

A Friend of the Court referee conducted a hearing at which the parties testified regarding the reasons underlying the child support stipulation in their consent judgment. Specifically, plaintiff answered "No" when asked if "anyone ever calculate[d] support and what it should be," and she explained the $1,000 monthly amount as follows:

It was kind of agreed upon to leave his pension alone. So, he was content giving me that money. He came up with that thousand, and I agreed upon it without Friend of the Court involvement. He did not want Friend of the Court being involved in any way.

Plaintiff added that, at the time of the divorce, she knew that defendant had a retirement plan or "some type of savings plan," but she "really never paid too much attention unfortunately." She stated that she "had no idea" whether the $1,000 child support amount was accurate or deviated from the MCSF.

Defendant testified that he believed that his $1,000 monthly support obligation had been based on the child support formula without any deviation. He testified further that he did not receive anything in exchange for paying more child support. The evidence admitted at the hearing established that since the parties divorced, they shared equal parenting time with their children and their respective incomes had remained relatively stable from the time of their divorce in 2017 to

---

[2] MCL 552.517(1)(b) entitles a party to a review of a child support order every 36 months upon a party's request.

the 2020 modification hearing. Defendant paid for insurance to cover the children's medical, dental, and vision needs.

The referee calculated defendant's monthly child support obligation under the MCSF at $149 per month. The referee found that the support amount calculated under the MCSF would be unjust and inappropriate, and that a deviation of $750 was warranted. The referee surmised that the parties had agreed that defendant would pay monthly child support of $1,000 in exchange for a property concession. The referee expressed the belief that the agreed-upon support amount was for the children's "care and maintenance," and that the property plaintiff gave up would have otherwise been available to her for their benefit. To justify the upward deviation, the referee utilized the catch-all "Factor 21" of the MCSF's Manual's deviation factors, permitting consideration of "[a]ny other factor the court deems relevant to the best interests of a child" that otherwise may produce an unjust or inappropriate result if the MCSF is strictly applied. 2017 MCSF 1.04(E)(21). The referee explained that the $750 deviation reflected "the parties' situations maintaining, but also . . . that the needs of the children that have possibly changed should be something that both parties are undertaking to care for."[3]

The trial court adopted the referee's recommendation and entered an interim UCSO modification requiring defendant to pay monthly child support of $899 ($149 plus $750) for the two children, effective October 1, 2020. Regarding the upward deviation, the UCSO stated that "Application of the MCSF was found by the referee . . . , for the reasons stated on the record, to be unjust or inappropriate in this case because of the parties' prior settlement relating to property division having a substantial effect on the agreed upon final UCSO amount." The UCSO, however, indicated that the value of the property awarded instead of the payment of child support was "Unknown."

Defendant objected to the referee's recommendation on the ground that the record did not support a deviation from the MCSF. He asserted that no evidence established that the parties had previously agreed to deviate from the MCSF, and that the referee improperly relied on plaintiff's parol-evidence testimony to ascertain the parties' intent underlying their unambiguous agreement. Defendant asserted that no testimony regarding the duration of the supposed deviation to justify a continued deviation existed, and the referee's recommendation did not indicate how the referee arrived at the $750 deviation of almost six times more than the monthly support calculated under the MCSF. Defendant objected because "the referee simply made up a number out of thin air and added it onto the guidelines number," with "no formula he applied, no valuation of property, nor any kind of scientific or logical methodology whatsoever." Defendant asked the trial court to

---

[3] Although the referee did not make any explicit determinations regarding either party's credibility regarding the reasons underlying their agreement, we infer that the referee believed plaintiff's assertion that she agreed to the $1,000 child support amount in lieu of a share in defendant's pension. "To the extent a factual determination turns on the credibility of a witness, this Court generally defers to the trial court." *Andrusz v Andrusz*, 320 Mich App 445, 455; 904 NW2d 636 (2017). See also MCR 2.613(C) ("regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.").

reject the referee's recommendation and order child support of $149 per month as established by the MCSF.

Plaintiff asked the trial court to deny defendant's objections and order the recommended $899 per month because she "walked away from her interest" in defendant's retirement benefits in exchange for monthly child support of $1,000 and that the parties' circumstances had hardly changed supported the continued deviation. She asserted that a previous deviation clearly existed and the consent judgment merely inadvertently failed to reference the deviation. According to plaintiff, application of the MCSF here would be unjust or inappropriate because defendant "has reaped the benefit of the retention of his full retirement benefits." Plaintiff asserted that the parties' agreed-upon deviation was indefinite and that, by relying on her testimony to support a continued deviation from the MCSF, "the court is not making a different contract . . . but is actually fulfilling the terms of the agreement in full."

The trial court, without conducting an evidentiary hearing, denied defendant's objections, and ordered defendant to pay monthly child support of $899. The court found that the "deviation was based on the parties' previous property division since the Plaintiff waived her interest in the Defendant's retirement account in order to receive more child support." Defendant now appeals.

## II. STANDARDS OF REVIEW

"Child support orders and the modification of such orders are reviewed for an abuse of discretion." *Peterson v Peterson*, 272 Mich App 511, 515; 727 NW2d 393 (2006). "An abuse of discretion occurs when a court selects an outcome that is not within the range of reasonable and principled outcomes." *Stallworth v Stallworth*, 275 Mich App 282, 284; 738 NW2d 264 (2007) (quotation marks and citation omitted).

This Court "review[s] for clear error . . . the trial court's factual findings underlying its determination of a child-support award." *Id.* See also MCR 2.613(C). "A finding is clearly erroneous if this Court, on all the evidence, is left with a definite and firm conviction that a mistake was made . . . ." *Stallworth*, 275 Mich App at 284. In reviewing factual findings, this Court must give regard to "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C).

"Whether a trial court properly operated within the statutory framework relative to child support calculations and any deviation from the child support formula are reviewed de novo as questions of law." *Peterson*, 272 Mich App at 516. See also *Stallworth*, 275 Mich App at 284. Further, a "divorce judgment entered upon the settlement of the parties . . . represents a contract, which, if unambiguous, is to be interpreted as a question of law" subject to review de novo. *Holmes v Holmes*, 281 Mich App 575, 586-587; 760 NW2d 300 (2008) (quotation marks and citation omitted).

## III. ANALYSIS

In establishing a level of child support, trial courts must follow the formula set forth in the MCSF Manual, which is published by the Friend of the Court pursuant to legislative mandate. See *Burba v Burba (After Remand)*, 461 Mich 637, 643; 610 NW2d 873 (2000); *Holmes*, 281 Mich

App at 589; *Peterson*, 272 Mich App at 516. The MCSF is "based upon the needs of the child and the actual resources of each parent." MCL 552.519(3)(a)(*vi*); *Burba*, 461 Mich at 643.

MCL 552.605 provides, in part, as follows:

(2) Except as otherwise provided in this section, the court shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:

(a) The child support amount determined by application of the child support formula.

(b) How the child support order deviates from the child support formula.

(c) The value of property or other support awarded instead of the payment of child support, if applicable.

(d) The reasons why application of the child support formula would be unjust or inappropriate in the case.

(3) Subsection (2) does not prohibit the court from entering a child support order that is agreed to by the parties and that deviates from the child support formula, if the requirements of subsection (2) are met.

These statutory criteria for deviating from the child support formula are mandatory. *Burba*, 461 Mich at 644.

Our Supreme Court in *Burba*, recognizing that "[c]ourts presumptively must follow the formula," *id.* at 645, stated that "[t]he importance the Legislature attached to courts carefully articulating these factors when deviating from the formula cannot be underestimated," *id*. at 644.[4] "[T]he trial court fulfills its statutory duty only when the court has articulated its rationale in accordance with subsections (2)(a) through (d)." *Peterson*, 272 Mich App at 517. Thus, courts "are required 'to meticulously set forth' the statutory deviation criteria and 'provide an explanation of how the order deviate[s] from the formula.' " *Holmes*, 281 Mich App at 589 (alteration in original), quoting *Burba*, 461 Mich at 645-646. Like MCL 552.605(2), the MCSF Manual instructs that "[w]hen applying the formula would lead to an unjust or inappropriate result, the court may exercise its discretion, and, on a case-by-case basis, deviate from the formula and

---

[4] "The *Burba* Court analyzed MCL 552.17(2), which, at the time *Burba* was decided, included the same language as MCL 552.605(2). Subsection 2 of MCL 552.17 was deleted in 2001, and MCL 552.605 was amended that same year. 2001 PA 106 and 107. Therefore, *Burba* remains controlling authority." *Peterson*, 272 Mich App at 517 n 4.

determine a more appropriate support amount." 2017 MCSF 1.04(A). The Manual provides an extensive list of deviation factors that could produce an unjust or inappropriate result if the MCSF were strictly applied. 2017 MCSF 1.04(E).[5]

"[D]ivorcing parties may create enforceable contracts." *Holmes*, 281 Mich App at 595. "Generally, contracts between consenting adults are enforced according to the terms to which the parties themselves agreed." *Id*. at 595 (quotation marks and citation omitted). However, this Court "strongly disfavors deviations from the child support formula premised on private agreements that *limit* a parent's obligation to pay child support." *Holmes*, 281 Mich App at 590. This is because "[p]arents may not bargain away a child's welfare and rights, including the right to receive adequate child support payments." *Id*. (quotation marks and citation omitted). "In contrast, this Court has enforced voluntary agreements to pay *additional* child support incorporated into a divorce judgment." *Id*. "[B]ecause the child support guidelines set forth a parent's minimum support obligation, a voluntarily assumed obligation to pay an amount in excess of the minimum is not inherently objectionable." *Id*. at 592. "Therefore, a contract enhancing a parent's child support obligation should be enforced, absent a compelling reason to forbear enforcement." *Id*. However, on petition of either parent, the court may revise and alter a judgment concerning child support "as the circumstances of the parents and the benefit of the children require." MCL 552.17(1). "When entertaining a petition for modification of child support, all relevant factors should be considered, including the father's income, the mother's income, and the needs of the children." *Sayre v Sayre*, 129 Mich App 249, 251-252; 341 NW2d 491 (1983) (citations omitted). "Modification of a child support order is a matter within the sound discretion of the trial court." *Kosch v Kosch*, 233 Mich App 346, 350; 592 NW2d 434 (1999). "The burden is on the party appealing a child support order to show that the trial court clearly abused its discretion." *Id*.

A. CONSENT JUDGMENT DEVIATION

First, we find no clear error in the referee's finding that the $1,000 monthly child support set forth in the parties' consent judgment of divorce and the corresponding UCSO deviated from the support calculated under the MCSF. Defendant correctly asserts that neither the 2017 consent judgment nor the corresponding UCSO specified that the trial court deviated from the MCSF in ordering him to pay monthly child support of $1,000. The UCSO's boxes for indicating that "[s]tandard provisions have been modified," or that "[t]he support provisions ordered do not follow the Michigan Child Support Formula," were not checked, and no deviation addendum was attached to the UCSO. Further, contrary to the mandatory requirements of MCL 552.605(2) for deviating from the MCSF, neither the consent judgment nor the UCSO stated the amount of child support the court would have ordered had it followed the MCSF, how the child support order

---

[5] Like the trial court, we refer to the 2017 version of State Court Administrative Office, Friend of the Court Bureau, *Michigan Child Support Formula Manual*, revised effective January 1, 2021. Although the trial court entered its order denying defendant's objections to the referee's child support recommendations on September 3, 2021, the referee's findings dated from December 7, 2020, and, on December 8, 2020, the court entered an interim UCSO and Deviation Addendum, ordering monthly child support, effective October 1, 2020.

deviated from the MCSF, the value of defendant's pension that was supposedly more generously awarded to him in exchange for agreeing to pay greater child support, or any reasons why application of the MCSF would be unjust or otherwise inappropriate. Notably, the consent judgment provided that "this matter may proceed to Judgment without a recommendation by the Friend of the Court," and the UCSO stated only that the order was entered "on stipulation/consent of the parties."[6]

However, the absence of any notation on the consent judgment or corresponding UCSO did not necessarily indicate that the stipulated $1,000 of monthly child support did not deviate from the MCSF. As the referee found, the record evidence indicated that the $1,000 support amount deviated substantially from the amount calculated under the MCSF. Specifically, the evidence established that the parties' income and equal parenting time remained relatively unchanged from their divorce in 2017 to the December 2020 modification hearing. No evidence indicated that defendant had additional resources available in 2017 that he did not have in 2020 or that any change in the children's needs occurred from 2017 to 2020. Had the child support amount been calculated under the MCSF in 2017, it likely would have been similar to the $149 calculated under the MCSF in 2020. Yet, defendant's monthly child support obligation under the consent judgment of divorce equaled $1,000. The referee correctly found that the parties' agreed-upon support amount deviated from the MCSF, whether the parties had that understanding at the time or not.[7] Accordingly, we find no clear error in the trial court's finding that the parties' stipulated child support amount deviated from the MCSF.

## B. PAROL EVIDENCE

Defendant argues that plaintiff's testimony that she gave up her interest in defendant's pension in exchange for enhanced child support constituted impermissible parol evidence. We disagree.[8]

---

[6] To the extent that defendant argues that any prior deviation from the MCSF was "unlawful" because the trial court failed to satisfy its mandatory statutory obligations for deviating under MCL 552.605(2), the child support order entered in September 2017 is not on appeal and thus not subject to review. See *Kosch*, 233 Mich App at 353 ("Defendant's failure to file an appeal from the original judgment of divorce . . . precludes a collateral attack on the merits of that decision."). Regardless, despite the lack of compliance with MCL 552.605(2)'s requirements for deviations from the MCSF, "a voluntarily assumed obligation to pay an amount in excess of the minimum is not inherently objectionable" and, thus, is generally enforceable. *Holmes*, 281 Mich App at 592.

[7] As this Court recognized in *Holmes*, 281 Mich App at 589 n 6, it is possible that, because the upward deviation benefited the children, the "court and the parties never considered that they should explain on the record the reasons for rejecting the MCSFM formula."

[8] Generally, "a 'trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo.' " *Nahshal v Fremont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018) (citation omitted). We question whether defendant properly preserved this issue for appellate review because he did not object to

-7-

The parol-evidence rule "bars the admission of evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary" a clear and unambiguous written contract. *In re Kramek Estate*, 268 Mich App 565, 573-574; 710 NW2d 753 (2005); *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990). A trial court may consider extrinsic evidence, however, to resolve ambiguity, "but the overarching goal, to which any rule of interpretation must bow, is to determine the intent of the parties." *Andrusz v Andrusz*, 320 Mich App 445, 453; 904 NW2d 636 (2017) (citation omitted).

> [The parol evidence] rule recognizes that in back of nearly every written instrument lies a parol agreement, merged therein. The practical justification for the rule lies in the stability that it gives to written contracts; for otherwise either party might avoid his obligation by testifying that a contemporaneous oral agreement released him from the duties that he had simultaneously assumed in writing. In other words, the parol evidence rule addresses the fact that "disappointed parties will have a great incentive to describe circumstances in ways that escape the explicit terms of their contracts. [*UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998) (quotation marks, citations, and alteration omitted).]

Here, the parties' consent judgment clearly and unambiguously expressed their intent that defendant would pay monthly child support of $1,000. As discussed, when a child support agreement deviates from the support amount established by the MCSF, the trial court is statutorily required to articulate the amount calculated by the MCSF, how the agreed-upon amount deviated from the MCSF, the value of property awarded instead of child support, if applicable, and the reasons why application of the MCSF would be unjust or otherwise inappropriate. See MCL 552.605(2) and (3); *Burba*, 461 Mich at 643-645. In this case, the parties' consent judgment and the corresponding UCSO failed to state that required information.

It is permissible for a trial court to use extrinsic evidence to "fill voids in an incomplete consent judgment, and in so doing must balance the equities insofar as is possible under the circumstances." *Andrusz*, 320 Mich App at 453. Here, because neither the consent judgment nor the UCSO contained the statutorily required information, the trial court could consider both parties' testimony regarding the reasons and circumstances underlying the stipulated child support amount to fill in the gaps to properly assess whether, and to what extent, the support should be modified in amount or duration. The court considered plaintiff's testimony that she agreed "to leave his pension alone" in exchange for the $1,000 monthly child support to understand the reasons underlying that agreement and to properly determine whether changes in the duration or amount of child support obligation was within the parties' contemplation.

---

the complained-of testimony at the modification hearing. *Id*. at 709-710 ("To preserve an evidentiary error for appeal, a party must object at trial on the same ground that it presents on appeal."); MRE 103(a)(1). However, defendant did raise the issue in his subsequent objections to the referee's recommendations. See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994) (deeming preserved an issue raised below and pursued on appeal).

## C. CHILD SUPPORT MODIFICATION

We conclude that the order for a continued child support deviation of $750 per month is not supported by the record. Further, the trial court did not make adequate findings, as MCL 552.605(2) mandates, to justify a $750 deviation from the MCSF.

We agree with defendant that, by its terms, the parties' initial child support agreement was not intended to be permanent. The parties' consent judgment plainly provided that defendant would pay $1,000 per month for the support of two children, or $750 for the support of one child, until each child attained the age of 18, graduated high school, reached 19½ years of age while still in high school, "*or until further order of this Court*." This Court has previously interpreted the phrase "or until further order of the court" as permitting modification regarding the duration or amount of a support obligation. See *Van Laar v Rozema*, 94 Mich App 619, 623-624; 288 NW2d 667 (1980) ("The presence of this language in the support agreement gave the court continuing jurisdiction to make modifications in the support agreement and put the parties on notice that such modifications were a possibility."). Further, the corresponding UCSO, which was incorporated into the parties' consent judgment by reference, specifically provided that "[e]ach party to a support order may submit a written request to have the friend of the court review the order" every 36 months, and "[a] party may also file a motion to modify this support order." The agreement, therefore, plainly indicated that the parties contemplated that the duration and amount of the stipulated child support would be subject to modification by the court.

The referee adequately explained and the trial court properly adopted those findings regarding the basis for finding that defendant's monthly child support obligation under the MCSF equaled $149, thus satisfying MCL 552.605(2)(a). The record, however, fails to indicate any evidence to support, nor provides adequate findings regarding how the trial court arrived at the $750 deviation, or why that specific deviation prevented an unjust or inappropriate result in this case. See MCL 552.605(2)(b) and (d). The court stated in its interim UCSO that the parties' divorce settlement had "a substantial effect on the agreed upon final UCSO amount," but the record evidence does not suffice to support that finding. The record contains no testimony or documentary evidence regarding the value of the marital portion of defendant's pension that plaintiff allegedly gave up in exchange for more child support. Such information was not only highly relevant to evaluating whether modification of the child support was appropriate, but required under MCL 552.605(2)(c). Neither the 2017 consent judgment nor the corresponding UCSO connected defendant's pension to the child support payment at all. The 2020 UCSO Deviation Addendum stated "unknown" regarding the value of property awarded in lieu of the payment of child support. This is contrary to the MCSF Manual, which instructs that "[w]hen parents reach an agreement that the court should deviate from the formula and connect a property settlement with the child support obligation, the complete agreement must be clearly stated in the judgment of divorce to be given continued effect." 2017 MCSF 4.03(A).[9] Further, the record

---

[9] We note that the consent judgment required defendant to pay plaintiff $31,800 out of the marital home's equity "representing her share of Defendant's retirement account." Further, the judgment's pension and retirement provision stated that "Plaintiff is awarded 50% of the marital portion of the Defendant's Thrift Savings Plan as her sole and separate property free and clear

lacks testimony regarding the specific needs of the children to support a continued need to maintain the upward deviation from the MCSF to the extent of $750 per month, or to support the finding that the support amount under MCSF was unjust or inappropriate.[10]  Absent evidence, the referee relied upon speculation that a continued $750 deviation from the MCSF would avoid an unjust or inappropriate result and the trial court merely adopted that speculation without analysis.

For these reasons, we conclude that the trial court erred by adopting the referee's recommendation for a $750 deviation from the $149 support amount calculated under the MCSF. Although a deviation may be appropriate in this case, the record before us is inadequate to explain or justify how the $750 upward deviation is just and appropriate in this case, particularly concerning "[t]he value of property or other support awarded instead of the payment of child support," MCL 552.605(2)(c).

## IV.  CONCLUSION

For these reasons, we vacate the trial court's order denying defendant's objections and requiring him to pay monthly child support of $899 and remand for further proceedings.  On remand, the trial court must either justify the $750 deviation, sufficiently supporting and appropriately applying the criteria listed in MCL 552.605(2), determine a different, appropriate deviation, or enter an order for child support under the MCSF.

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford

---

from any claim of Defendant," and "Plaintiff shall be awarded the equivalent of 50% of the marital portion of the Thrift Savings Plan, from the equity in the marital home."  This indicates that plaintiff received a share of defendant's Thrift Savings Plan.  The record does not indicate whether defendant had other retirement accounts.

[10] The only testimony regarding the children's needs concerned their need for childcare.  Both parties testified that they paid for childcare, but neither could quantify amounts.