*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOUGLAS BREWART,

        Plaintiff-Appellant,

v

NICOLE BREWART, also known as NICOLE
ATTISHA,

        Defendant-Appellee.

UNPUBLISHED
April 09, 2025
1:50 PM

No. 369046
Macomb Circuit Court
LC No. 2018-000214-DM

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

PER CURIAM.

In this child support action, plaintiff appeals as of right from an order after a de novo hearing, which denied plaintiff's fourth motion to modify child support. We affirm.

## I. BACKGROUND

The parties were married in 2014 and had two children. Plaintiff filed for divorce in 2018, and requested the trial court enter an order for child support consistent with the Michigan Child Support Formula (MCSF). Two child support recommendations were prepared for the parties. Because plaintiff reported he was unemployed, 35 hours of minimum wage earnings were used to determine his imputed income. The first recommendation, calculated on the basis of 156 overnights with plaintiff, stated that defendant would be obligated to pay plaintiff $190 per month for their two children. The second recommendation, calculated on the basis of 52 overnights with plaintiff, stated that plaintiff would be obligated to pay defendant $285 per month for their two children.

At an April 2018 hearing, defendant indicated that the parties negotiated a proposed Judgment of Divorce (JOD) and prepared a Uniform Child Support Order (UCSO) in accordance with the MCSF. Without addressing any of the terms of the proposed judgment or UCSO, the trial court granted the JOD, and ended the hearing. The same day, the trial court entered the parties' consent JOD and UCSO. The UCSO did not adopt either of the recommendations. Instead, the UCSO stated that, "on stipulation/consent of the parties," plaintiff would pay defendant $800 per month in child support for one child based on 156 overnights awarded to him. No calculation was

made for the parties' two children. An amended UCSO was later entered, applying the $800 in support to both children. The box for a "Michigan Child Support Formula Deviation" was not checked, and no deviation addendum was attached.

Over the next few years, plaintiff filed several motions to modify his child support obligation. In his first two motions, plaintiff requested the trial court modify the child support award to reflect the recommendations, claiming he could not afford the payments and that defendant's income had increased since the JOD and UCSO were entered. Because plaintiff reported being unemployed when the JOD and UCSO were entered, and was still unemployed at the time he filed his motions, the trial court denied plaintiff's motions, finding that his circumstances had not substantially changed to warrant a modification.

In his third and fourth motions to modify child support, plaintiff asserted that when the JOD and UCSO were entered, the parties deviated from the recommended child support calculation. However, no deviation addendum had been filed, no discussion about the deviation occurred during the initial divorce hearing, and there was nothing in writing to indicate why the deviation was appropriate. Because the deviation requirements were mandatory, and defendant also had an increase in her income, plaintiff argued that there were grounds to modify the child support award. Defendant contended that plaintiff's motion should be denied because he could not show that he had a reduction in income, as he was still unemployed, the deviation from the child support recommendation was made with consideration and was binding, and modification of the UCSO would not be in the children's best interests. Although the referee presiding over plaintiff's motions noted the issues caused by the unusual circumstances surrounding the child support deviation, the referee held that he could not modify the JOD or UCSO and recommended the trial court deny plaintiff's motions because plaintiff did not challenge the JOD or UCSO when they were first entered, and there was not a sufficient change of circumstances to justify modification. The trial court denied plaintiff's objections and adopted the referee's recommendations to deny plaintiff's motions to modify child support. This appeal followed.

## II. STANDARDS OF REVIEW

"Whether a trial court properly operated within the statutory framework relative to child support calculations and any deviation from the child support formula are reviewed de novo as questions of law." *Peterson v Peterson*, 272 Mich App 511, 516; 727 NW2d 393 (2006). "Child support orders and the modification of such orders are reviewed for an abuse of discretion." *Id*. at 515.

## III. ANALYSIS

In his cursory pro se brief, plaintiff argues that the trial court erred by denying his motion to modify child support because the court did not comply with the requirements of MCL 552.605(2) when entering the JOD and UCSO.

Generally, to establish a level of child support, trial courts must follow the formula set forth in the MCSF Manual. See *Burba v Burba (After Remand)*, 461 Mich 637, 642-643; 610 NW2d 873 (2000); *Holmes v Holmes*, 281 Mich App 575, 588-589; 760 NW2d 300 (2008). The MCSF is "based upon the needs of the child and the actual resources of each parent." MCL

552.519(3)(a)(vi); *Burba*, 461 Mich at 643. However, under MCL 552.605, trial courts have discretion to deviate from the award calculated by the MCSF in certain circumstances. See MCL 552.605(2)(a)-(d). The statutory criteria for deviating from the child support formula are mandatory. *Burba*, 461 Mich at 644.

Plaintiff is not entitled to relief on appeal because his argument is an impermissible collateral attack on the 2018 JOD and UCSO. The failure of a party to appeal from an original JOD operates as a stipulation to the provisions in that judgment, and a party cannot later collaterally attack the validity of that judgment through a motion to modify child support. *Kosch v Kosch*, 233 Mich App 346, 353; 592 NW2d 434 (1999). Because plaintiff agreed to pay child support in an amount greater than the recommended MCSF calculations, *Holmes*, 281 Mich App at 592-598 (holding that courts must enforce judgments that reflect a party's agreement to voluntarily pay more in child support), and never appealed the JOD or UCSO, he "stipulated [his] consent to [their] provisions, including the original determination of child support," *Kosch*, 233 Mich App at 353, and his argument attacking the validity of the consent judgment and order cannot succeed.

The only way plaintiff could prevail on appeal is not to attack the validity of the original order, but to instead demonstrate that there was a change of circumstances to warrant modifying the child support award. *Lemmen v Lemmen*, 481 Mich 164, 165; 749 NW2d 255 (2008). Such circumstances include changes in the physical custody of a child that the court has not ordered, the child's needs, the financial conditions of the recipient or payer of support, or that the initial order was based on incorrect facts. MCL 552.517(1)(f). In his fourth motion to modify child support, plaintiff alleged that there was a change of circumstances to justify modification because defendant's income increased and the children were no longer in daycare or latch key programming. But the trial court did not clearly err in its findings that plaintiff failed to establish a change of circumstances to warrant modification. Additionally, the order referred parenting time issues to the FOC, and any changes to plaintiff's parenting time will be taken into consideration in any new child support calculations.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Noah P. Hood

-3-